Filed 5/25/22  P. v. Lopez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LOPEZ, JR.,<br><br>    Defendant and Appellant. | B316490<br><br>(Los Angeles County<br>Super. Ct. No. VA057914) |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Dismissed.

Marilee Marshall, under appointment for the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Robert Lopez, Jr., appeals from the denial of his petition for resentencing under Penal Code[1] section 1170.95. Lopez's appointed counsel filed a brief asking this court to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496.

A jury convicted Lopez of second degree murder with a true finding that Lopez personally used a knife during the commission of the crime. At trial, Lopez did not dispute that he stabbed and killed the victim in an altercation over a bicycle. Lopez testified in his own defense, stating that his bicycle had been stolen, and two days later, he saw the victim riding his stolen bicycle. Lopez admitted that he took a knife and ran toward the victim, after which the two began to fight. Witnesses saw Lopez grab the victim and stab him in the neck. Lopez testified he accidentally stabbed the victim. Lopez was sentenced to 15 years to life, plus one year for the weapon enhancement. The trial court did not instruct on felony murder or natural and probable consequences. A different panel of this division affirmed the judgment in *People v. Lopez* (Oct. 2, 2002, B148880) [nonpub. opn.], finding sufficient evidence of implied malice to support Lopez's second degree murder conviction.

Thereafter, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) became effective, which amended sections 188 and 189, to narrow the scope of aider and abettor liability for murder, and added a petitioning procedure under section 1170.95. (Stats. 2018, ch. 1015, §§ 1–4.) Second degree implied malice murder was not eliminated by Senate Bill 1437, which "removed the natural and probable consequences doctrine as a basis for a murder conviction only insofar as it applied to

---

[1] All further statutory references are to the Penal Code.

aider and abettor liability." (*People v. Roldan* (2020) 56 Cal.App.5th 997, 1004.)

Lopez petitioned for resentencing. The trial court held a section 1170.95 hearing, and, at the prima facie stage of review, counsel for Lopez argued that the language in the implied malice instruction refers to "natural consequences," thereby bringing it within the changes brought by Senate Bill 1437. The People argued that the theories of natural and probable consequences and implied malice are distinct doctrines, and Senate Bill 1437 did not eliminate the implied malice doctrine. The trial court found that a prima facie case was not established and denied the petition stating it had considered the "record of conviction, arguments, jury instruction, the prosecutor's closing argument, [and] the appellate opinion," and "this court is very confident" that neither the "natural and probable consequences theory [n]or felony murder" were an issue in the case, and "[i]t was defendant convicted as the actual killer."

Lopez's appointed counsel declared she was unable to find any arguable issues. By letter, we advised Lopez that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. Lopez did not submit a supplemental brief. Under *People v. Serrano, supra,* 211 Cal.App.4th 496, when appointed counsel raises no issue in an appeal from a postjudgment proceeding, an appellate court may dismiss the appeal without a review under *People v. Wende* (1979) 25 Cal.3d 436. (*Serrano,* at p. 503.) We have nonetheless independently reviewed the record under *Wende,* and are satisfied Lopez's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Wende*, at p. 441.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


                                        KIM, J.*


We concur:



        EDMON, P. J.



        EGERTON, J.

_____

        * Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.